PER CURIAM.
The first primary election for Mayor of the City of New Orleans was held on October 1, 1977. Ernest N. Morial, defendant, and Joseph V. DiRosa finished in first and second place and were certified as candidates in the general election scheduled for November 12.
Plaintiff Nat G. Kiefer, who finished third, brought this suit on November 4, 1977, to contest Morial’s qualifications as a candidate and to have himself certified as a candidate in the general election in place of Morial against DiRosa. Made defendants along with Morial were DiRosa, the Board of Supervisors of Elections for the Parish of Orleans, the Governor and the Secretary of State.
DiRosa intervened, claiming that Morial became disqualified after the primary election and seeking to have himself declared elected Mayor as the only remaining qualified candidate in the general election.
Defendants filed various exceptions which were referred to the merits. The trial court overruled all exceptions after trial and dismissed the petition and the intervention. From this judgment Kiefer and DiRosa have appealed.
The following facts are pertinent to the case:
1. When Morial qualified for Mayor he was a judge of this Court.
2. LSA-R.S. 42:39 provides as follows:
“A. After July 31, 1968, no person serving in or elected or appointed to the office of judge of any court, justices of the peace excepted, shall be eligible to hold or become a candidate for any national, state or local elective office of any kind whatsoever, including any national, state or local office in any political party organization, other than a candidate for the office of judge for the same or any other court.
“B. The provisions of Subsection (A) of this section shall not be construed as prohibiting any person from resigning from his office as judge of any court for the purpose of becoming a candidate for nomination or election to any national, state or local elective office for which he is qualified and eligible; provided, however, that the resignation of any such person shall be and is made not less than twenty-four hours prior to the date on which he qualifies as a candidate for nomination or election to the office to which he seeks nomination or election. “C. If any judge elected or appointed, justice of the peace excepted, qualifies for any other elective position, other than those allowed by the provisions of this section, without complying with the provisions of Subsection (B) set forth above, his qualification as a candidate for the other office shall ipso facto be null and void.”
3. R.S. 18:396 provides that any objection to one’s candidacy must be filed within five days after the last date for qualifying, in this case August 11, 1977.
4. During this five day period there was a valid and subsisting order of the United States District Court granting declaratory relief to Morial and declaring R.S. 42:39 Unconstitutional. This order had been signed on February 7, 1977.
5. On November 3,1977, the United States Court of Appeals for the Fifth Circuit ordered the previous order of the United States District Court stayed.
6. On November 4, 1977, Morial resigned as a judge of this Court.
Kiefer was not required to bring his election contest suit within five days after the last date for qualifying because at that time the disqualifying statute was without effect. Therefore, his suit, brought on November 4, was timely under the circumstances.
However, until November 3 Morial was not disqualified because the effect of the disqualifying statute was suspended. Morial’s resignation as a judge on the day *1218 after the statute regained its viability as a result of the order of the United States Court of Appeals was timely under the circumstances. Thus, there was never any effective impediment to his qualifications as a candidate.
Accordingly, we have affirmed the judgment of the trial court.
AFFIRMED.
LEMMON, J., concurs and assigns reasons.